UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| ANTHONY U. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:14-095-WOB |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEPARTMENT OF CORRECTIONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Anthony Gray is an inmate confined in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. Proceeding *pro se*, Gray has filed a complaint, pursuant to 42 U.S.C. § 1983, naming as defendants the Department of Corrections; Commonwealth of Kentucky; Jessie Sizemore, Parole Officer; and Debbie Roth, Sex Offender Coordinator. Gray alleges violations of his constitutional rights relative to his termination from the Sex Offender Treatment Program, the revocation of his parole, and his being returned to prison. [R. 1] Gray seeks injunctive relief and monetary damages of $4.5 Million.

The Court must conduct a preliminary review of Gray's complaint because is proceeding *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Gray's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Gray's factual allegations as true and liberally

construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint, the Court will dismiss it without prejudice because Gray has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 at this time.

## FACTUAL BACKGROUND

On July 17, 2003, Gary was of convicted of two counts of Sodomy in the Second Degree, a violation of KRS 510.080, in Pendleton Circuit Court (Criminal Action No. 02-CR-055) and received a seven-year and six-month sentence of imprisonment on each count, to be served consecutively, for a total sentence of fifteen years.[1] In his complaint, Gray states that he was released from custody and placed on a Sex Offender Conditional Discharge on July 1, 2013, and was directed to complete the Sex Offender Treatment Program ("SOTP"). However, Gray states that he had already completed the SOTP while incarcerated, but, even so, he enrolled in the SOTP as directed. Gray states that in August of 2013, his mother was hospitalized after suffering a stroke and a heart attack, and he visited her in the hospital.[2] Thereafter, Gray states that Debbie Roth, the Sex Offender Coordinator in the Probation and Parole Office in Newport, Kentucky, terminated him from the SOTP before he had completed the program.

Subsequently, Gray states that on August 19, 2013, he received a parole violation for failing to complete the SOTP and for changing his address without permission from the

---

[1] This information was obtained from the Kentucky Department of Corrections' website. More particularly, it was obtained from the Kentucky Online Offender Lookup ("KOOL") section or folder on that website. See http://kool.corrections.ky.gov/KOOL/Details/41147 (last visited January 28, 2015).

[2] Gray does state where the hospital was located.

Probation and Parole Office. Thereafter, Gray's parole was revoked, he was returned to custody to serve the remainder of his sentence, and is presently incarcerated.

## THE COMPLAINT

Gray claims that he should not have been required to enroll in the SOTP again, as he had previously completed that same course while in prison. He also implies that his parole was unconstitutionally revoked, which will result in his serving additional time in prison that he should not be required to serve, which, according to Gray, results in his serving an eighteen-year sentence instead of a fifteen-year sentence, in violation of his constitutional rights.

## CRIMINAL HISTORY

The Kentucky Department of Corrections' website reflects that subsequent to his conviction for second-degree sodomy in Pendleton Circuit Court in 2003, in 2005 Gray was convicted of Promoting Contraband, First Degree, in Oldham Circuit Court and received a one-year sentence of imprisonment; it is unclear whether this one-year sentence was to be served concurrently with or consecutively to the fifteen-year sentence previously imposed in the Pendleton Circuit Court case. See http://kool.corrections.ky.gov/KOOL/Details/41147 (last visited January 28, 2015).

## DISCUSSION

To the extent that Gray seeks an order declaring that the revocation of his conditional release on parole was obtained in violation of his rights guaranteed under the United States Constitution, Gray must first pursue his claims through the Kentucky courts, exhaust the appellate remedies available in the Kentucky courts and then file a petition for writ of habeas corpus under 28 U.S.C. § 2254. "The proper vehicle to challenge a conviction is through the state's appellate procedure and habeas relief under 28 U.S.C. 2254." *Jackim v. City of*

3

*Brooklyn*, No. 1:05CV1678, 2010 WL 4923492, at *4 (N.D. Ohio November 29, 2010) (citing *Houston v. Buffa*, No. 06-CV-10140-DT, 2007 WL 1005715, at *7 (E.D. Mich. Mar. 30, 2007)).

As to his claim for $4.5 Million in monetary damages he seeks from the defendants, based on the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), Gray cannot recover those damages in this § 1983 proceeding. Gray's claims that the named defendants, including the Department of Corrections and the Parole Officers in the Kentucky Department of Probation and Parole in Newport, Kentucky, have violated his constitutional rights during various stages of the state court case amount to nothing more than a collateral challenge of his criminal conviction. *Heck v. Humphrey*, *supra*, holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id*. at 486-87. In other words, before Gray can seek money damages in this federal civil rights proceeding in which he appears to claim that the revocation of his conditional release on parole was unlawfully obtained, he must first show that the Kentucky Parole Board's decision to revoke his parole has been overturned or set aside.

A review of the case history/docket sheets from Gray's underlying state court case in Pendleton Circuit Court reflects that he has not challenged or appealed the revocation of his parole, a procedure he would do beginning with Kentucky's appellate courts, and then pursue in federal court by filing a habeas corpus petition under 28 U.S.C. § 2254, but only after exhausting his state court remedies. Thus, at this juncture, Gray's complaint is premature, as

he cannot demonstrate that he has successfully appealed or challenged the revocation of his parole through the Kentucky courts. Because Gray either has served, or currently is serving a lawfully imposed state sentence which has not been reversed, set aside, or otherwise called into question, he cannot collaterally attack his criminal conviction in this § 1983 civil rights action by seeking damages from the defendants who were involved in his criminal prosecution and/or the revocation of his parole.

The *Rooker-Feldman* doctrine also bars Gary's claims against the named defendants. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). Gray does not allege, and the docket sheet from the Pendleton Circuit Court does not indicate, that he appealed the revocation of his probation through the Kentucky appellate court system or that he asked the United States Supreme Court to review his conviction, original sentence, and/or revocation of his probation.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** that:

1. Plaintiff Anthony Gray's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** and this matter is **STRICKEN** from the active docket.

2. The Court will enter an appropriate judgment.

Signed By:
*William O. Bertelsman* WOB
United States District Judge